**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

| | |
|---|---|
| **KAREY S NORIA, a/k/a** | **BANKRUPTCY** |
| **KAREY S BURLINGAME,** | **CASE NO.: 8:13-bk-02194-KRM** |

      **Debtor.**                          **CHAPTER 7**
_____/

**STEPHEN L. MEININGER, as Chapter 7**
**Trustee of the estate of KAREY S NORIA,**
**A/K/A KAREY S BURLINGAME,**

      **Plaintiff,**

                                       **ADVERSARY**
**v.**                                     **PROCEEDING NO.: _____**

**FOCUS RECEIVABLES MANAGEMENT,**
**LLC, a Georgia limited liability company,**
**and**
**DIRECTV SOUTH, LLC, A California limited**
**liability company,**

      **Defendants.**
_____/

**COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND**
**TELEPHONE CONSUMER PROTECTION ACT VIOLATIONS**

      **COMES NOW** Plaintiff, Stephen L. Meininger, the Chapter 7 Trustee of the bankruptcy

estate of Karey S Noria, a/k/a Karey S Burlingame,, by and through the undersigned law firm,

and sues Defendants, Focus Receivables Management, LLC, a Georgia limited liability

company, and DIRECTV South, LLC, a California limited liability company, and alleges as

follows:

## PRELIMINARY STATEMENT

1.      On or about February 22, 2013 (the "Petition Date"), the Debtor, Karey S Noria, a/k/a Karey S Burlingame,, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in this Court.

2.      Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (the "FDCPA"), Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

3.      The Court has jurisdiction and it is proper for this Court to hear this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the standing Order of Reference of the United States District Court entered by Hon. Anne C. Conway on February 22, 2012, 12-MISC-26, Middle District of Florida, referring all Bankruptcy matters to United States Bankruptcy Court, Middle District of Florida.

## PARTIES

4.      Plaintiff, Stephen L. Meininger ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Karey S Noria, a/k/a Karey S Burlingame, ("Noria" or "Debtor"). Noria is a natural person resident in the City of Plant City, County of Hillsborough, State of Florida, where the causes of action arose, and a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

5.      Defendant, Focus Receivables Management, LLC, a Georgia limited liability company, together with its collecting agents ("Focus"), doing business in the State of Florida, is

a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

6.      Defendant, DIRECTV South, LLC, a California limited liability company, together with its collecting agents ("DIRECTV" or collectively with Focus, "Defendants"), doing business in the State of Florida, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(5), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

7.      All conduct of Defendants alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

8.      The Defendants' communications set forth below were made only to exhaust the unpaying resisting Debtor's will in an attempt to break the Debtor and have Debtor pay amounts owed long after the Debtor was given all necessary information and persuasion and negotiation failed, as demonstrated by Debtor either expressly or impliedly communicating to the Defendants to stop calling Debtor.

9.      The Defendants' communications set forth below are wholly without excuse.

10.     At all times mentioned herein, the agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendants. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtor.

## FACTUAL ALLEGATIONS

11.     Defendants attempted to collect from Debtor debts (the "Alleged Debt"), including without limitation, debts on Schedule F of the Debtor's bankruptcy schedules bearing unknown account number in the amount of $86.00.

12.     The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on March 28, 2013.

13.     Defendant made multiple Collection Calls, on multiple days, in multiple weeks, over multiple months, including without limitation from November 1, 2012 through February 21, 2013 (the "Collection Calls") to Debtor attempting to collect the Alleged Debt.

14.     It was the substance of the testimony of the Debtor, sworn and under oath at the 341 Hearing, that:

> a) DIRECTV made one to two Collection Calls to Debtor's cell phone each day, three days each week.

> b) DIRECTV made Collection Calls to Debtor after Debtor told DIRECTV that Debtor could not pay the Alleged Debt.

15.     Based upon information provided by DIRECTV:

> a) the Alleged Debt was assigned to Focus for collection from October 31, 2012 to March 13, 2013.

16.     Defendants made Collection Calls to Debtor as alleged above, identifying themselves by the Alleged Debt.

17.     Defendants (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from November 1, 2012 through February 21, 2013 to Debtor attempting to collect the Alleged Debt; (2) made one to two

Collection Calls to Debtor's cell phone each day, three days each week, for a total of more than seventy Collection Calls to Debtor's cell phone without Debtor's prior express consent; and (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq*. AS TO DEFENDANT FOCUS

18.     This is an action against Focus for violations of 15 U.S.C. § 1692 *et seq*.

19.     Plaintiff re-alleges and reincorporates paragraphs 1 through 17, as if fully set forth here-in.

20.     Focus, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Debtor.

21.     The principal business of Focus is the collection of debts and Focus regularly collects or attempts to collect, directly or indirectly, debts owed or due to another.

22.     The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     The Collection Calls are a "communication" as defined by 15 U.S.C. § 1692(a)2.

24.     Section 15 U.S.C. § 1692c(a)(1) provides, in pertinent part:

A debt collector may not communicate with a consumer in connection with the collection of any debt —–

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

25.    Focus violated 15 U.S.C. § 1692c(a)(1) when Focus (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from November 1, 2012 through February 21, 2013 to Debtor attempting to collect the Alleged Debt; (2) made one to two Collection Calls to Debtor's cell phone each day, three days each week, for a total of more than seventy Collection Calls to Debtor's cell phone without Debtor's prior express consent; and (3) made Collection Calls to Debtor after Debtor told Focus that Debtor could not pay the Alleged Debt; all of which is Focus communicating with Debtor at an unusual time or place or at a time or place known or which should be known to be inconvenient to Debtor.

26.    Section 15 U.S.C. § 1692d provides in pertinent part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27.    Focus violated 15 U.S.C. § 1692d when Focus (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from November 1, 2012 through February 21, 2013 to Debtor attempting to collect the Alleged Debt; (2) made one to two Collection Calls to Debtor's cell phone each day, three days each week, for a total of more than seventy Collection Calls to Debtor's cell phone without Debtor's prior express consent; and (3) made Collection Calls to Debtor after Debtor told Focus that Debtor could not pay the Alleged Debt; all of which is conduct by Focus the natural consequence of which is to harass, oppress, or abuse Debtor in connection with the collection of the Alleged Debt.

28.    Section 15 U.S.C. § 1692e provides, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or

means in connection with the collection of any debt.

29.      Focus violated 15 U.S.C. § 1692e when Focus (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from November 1, 2012 through February 21, 2013 to Debtor attempting to collect the Alleged Debt; (2) made one to two Collection Calls to Debtor's cell phone each day, three days each week, for a total of more than seventy Collection Calls to Debtor's cell phone without Debtor's prior express consent; and (3) made Collection Calls to Debtor after Debtor told Focus that Debtor could not pay the Alleged Debt; all of which was use of false, deceptive, or misleading representation or means by Focus that Focus could collect the Alleged Debt by abuse and harassment by violating the FDCPA, FCCPA, and TCPA, and by unfair and deceptive practices in connection with the collections of the Alleged Debt.

30.      Section 15 U.S.C. § 1692f provides in pertinent part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

31.      Focus violated 15 U.S.C. § 1692f when Focus (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from November 1, 2012 through February 21, 2013 to Debtor attempting to collect the Alleged Debt; (2) made one to two Collection Calls to Debtor's cell phone each day, three days each week, for a total of more than seventy Collection Calls to Debtor's cell phone without Debtor's prior express consent; and (3) made Collection Calls to Debtor after Debtor told Focus that Debtor could not pay the Alleged Debt; all of which is Focus using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

32.     As a result of Focus's violation of the FDCPA, Debtor has been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (3) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

33.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment in Plaintiff's favor finding that Focus has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT FOCUS

34.     This is an action against Focus for violations of Fla. Stat. § 559.55 *et seq*.

35.     Plaintiff realleges and incorporates paragraphs 1 through 17, as if fully set forth herein.

36.     Focus is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq*.

37.     The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(1).

38.     Focus communicated certain information to Debtor, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

39.     Fla. Stat. § 559.72 (7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

40.     Focus violated Fla. Stat. § 559.72(7) when Focus (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from November 1, 2012 through February 21, 2013 to Debtor attempting to collect the Alleged Debt; (2) made one to two Collection Calls to Debtor's cell phone each day, three days each week, for a total of more than seventy Collection Calls to Debtor's cell phone without Debtor's prior express consent; and (3) made Collection Calls to Debtor after Debtor told Focus that Debtor could not pay the Alleged Debt; all of which is a willful communication with the Debtor with such frequency that Focus could reasonably expect such communication to harass Debtor, or which is a willful engagement by Focus in other conduct, including violation of the TCPA, which could reasonably be expected to abuse or harass Debtor.

41.     Fla. Stat. § 559.72 (9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) … assert the existence of some other legal right when such person knows that the right does not exist.

42.     Focus violated Fla. Stat. § 559.72(9), second half, when Focus (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including

without limitation from November 1, 2012 through February 21, 2013 to Debtor attempting to collect the Alleged Debt; (2) made one to two Collection Calls to Debtor's cell phone each day, three days each week, for a total of more than seventy Collection Calls to Debtor's cell phone without Debtor's prior express consent; and (3) made Collection Calls to Debtor after Debtor told Focus that Debtor could not pay the Alleged Debt; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, including by violations of the TCPA and by unfair and deceptive practices, which are rights Focus knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

43.     As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Focus is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

44.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Focus as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

45.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Focus finding that Focus violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## COUNT III

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO DEFENDANT FOCUS

46.      This is an action against Focus for violations of 47 U.S.C. § 227 *et seq*.

47.      Plaintiff re-alleges and reincorporates paragraphs 1 through 17, as if fully set forth

here-in.

48.      Focus, in the conduct of its business, uses an automatic telephone dialing system

as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtor.

49.      Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call . . . using any automatic telephone system or an artificial or
    prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone
      service, specialized mobile radio service, or other radio common carrier
      service, or any service for which the called party is charged for the call;

50.      Focus violated 47 U.S.C. § 227(b)(1)(A)(iii) when Focus (1) made multiple

Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including

without limitation from November 1, 2012 through February 21, 2013 to Debtor attempting to

collect the Alleged Debt; (2) made one to two Collection Calls to Debtor's cell phone each day,

three days each week, for a total of more than seventy Collection Calls to Debtor's cell phone

without Debtor's prior express consent; and (3) made Collection Calls to Debtor after Debtor

told Focus that Debtor could not pay the Alleged Debt; which is Focus's use of an automatic

telephone dialing system to make multiple Collection Calls to Debtor on Debtor's personal cell

phone without Debtor's prior express consent.

51.     Focus willfully, knowingly, and intentionally made multiple Collection Calls to Debtor's personal cell phone utilizing an automatic telephone dialing system without Debtor's prior express consent.

52.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

53.     As a result of the above violation of the TCPA, Focus is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

54.     Based upon the willful, knowing, and intentional conduct of Focus as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Focus: (1) finding Focus violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Focus willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

### VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT DIRECTV

55.     This is an action against DIRECTV for violations of Fla. Stat. § 559.55 *et seq.*

56.     Plaintiff realleges and incorporates paragraphs 1 through 17, as if fully set forth herein.

57.    DIRECTV is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

58.    The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(1).

59.    DIRECTV communicated certain information to Debtor, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

60.    Fla. Stat. § 559.72 (7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

61.    DIRECTV violated Fla. Stat. § 559.72(7) when DIRECTV (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from November 1, 2012 through February 21, 2013 to Debtor attempting to collect the Alleged Debt; (2) made one to two Collection Calls to Debtor's cell phone each day, three days each week, for a total of more than seventy Collection Calls to Debtor's cell phone without Debtor's prior express consent; and (3) made Collection Calls to Debtor after Debtor told DIRECTV that Debtor could not pay the Alleged Debt; all of which is a willful communication with the Debtor with such frequency that DIRECTV could reasonably expect such communication to harass Debtor, or which is a willful engagement by DIRECTV in other conduct, including violation of the TCPA, which could reasonably be expected to abuse or harass Debtor.

62.    Fla. Stat. § 559.72 (9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) … assert the existence of some other legal right when such person knows that the right does not exist.

63.     DIRECTV violated Fla. Stat. § 559.72(9), second half, when DIRECTV (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from November 1, 2012 through February 21, 2013 to Debtor attempting to collect the Alleged Debt; (2) made one to two Collection Calls to Debtor's cell phone each day, three days each week, for a total of more than seventy Collection Calls to Debtor's cell phone without Debtor's prior express consent; and (3) made Collection Calls to Debtor after Debtor told DIRECTV that Debtor could not pay the Alleged Debt; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, including by violations of the TCPA and by unfair and deceptive practices, which are rights DIRECTV knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

64.     As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and DIRECTV is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

65.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of DIRECTV as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

66.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against DIRECTV finding that DIRECTV violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

**COUNT V**

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,
47 U.S.C. § 227 *et seq.* AS TO DEFENDANT DIRECTV**

67.     This is an action against DIRECTV for violations of 47 U.S.C. § 227 *et seq.*

68.     Plaintiff re-alleges and reincorporates paragraphs 1 through 17, as if fully set forth here-in.

69.     DIRECTV, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtor.

70.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call . . . using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

71.     DIRECTV violated 47 U.S.C. § 227(b)(1)(A)(iii) when DIRECTV (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from November 1, 2012 through February 21, 2013 to Debtor attempting to collect the Alleged Debt; (2) made one to two Collection Calls to Debtor's cell phone each day, three days each week, for a total of more than seventy Collection Calls to

Debtor's cell phone without Debtor's prior express consent; and (3) made Collection Calls to Debtor after Debtor told DIRECTV that Debtor could not pay the Alleged Debt; which is DIRECTV's use of an automatic telephone dialing system to make multiple Collection Calls to Debtor on Debtor's personal cell phone without Debtor's prior express consent.

72.     DIRECTV willfully, knowingly, and intentionally made multiple Collection Calls to Debtor's personal cell phone utilizing an automatic telephone dialing system without Debtor's prior express consent.

73.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

74.     As a result of the above violation of the TCPA, DIRECTV is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

75.     Based upon the willful, knowing, and intentional conduct of DIRECTV as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against DIRECTV: (1) finding DIRECTV violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding DIRECTV willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

Dated:  February 17, 2015

Respectfully Submitted,

**LASH WILCOX & GRACE PL**
4950 W. Kennedy Blvd., Suite 320
Tampa, FL   33609
Phone: 813.289.3200
Facsimile: 813.289.3250

_/s/ Thomas A. Lash
**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for the Trustee